UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRIT BAKSHI,

        Plaintiff,

v.

AVIS BUDGET GROUP, INC.,
GEOFF, JOHN DOE, and COSTCO
WHOLESALE CORPORATION,

        Defendants.
_____/

Case No. 2:20-cv-10419
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**<u>ORDER (1) DISMISSING THE THIRD ORDER FOR PLAINTIFF TO
SHOW CAUSE (ECF NO. 18); (2) GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S REQUESTS FOR RELIEF (ECF NO. 19); (3)
SETTING A DEADLINE TO FILE AN AMENDED COMPLAINT; and, (4)
NOTICING SCHEDULING CONFERENCE</u>**

**A.    Background**

This case stems from Plaintiff's February 2018 rental of a vehicle from Avis Group at Los Angeles International Airport. (ECF No. 1, PageID.13-18 ¶¶ 45-89.) Following an initial order to show cause and Plaintiff's response thereto, the case was dismissed and judgment was entered on May 7, 2020. (ECF Nos. 6, 7, 10-11.) On July 16, 2020, Judge Lawson entered an order dismissing the second order to show cause (ECF No. 13), granting the motion for relief from judgment (ECF No. 12), vacating the order and judgment dismissing the case (ECF Nos. 10, 11), and directing Plaintiff to "separately . . . file an amended complaint including a

complete and adequate statement of the basis for subject matter jurisdiction **on or before July 23, 2020**." (ECF No. 16, PageID.371 (emphasis in original).)

Judge Lawson referred this case to me for general case management. (ECF No. 17.)

**B.     Instant Matter**

On July 31, 2020, at which point Plaintiff had yet to file an amended complaint, I entered an third order to show cause, which stated: "no later than **Monday, August 17, 2020**, Plaintiff **SHALL** show cause in writing why this case should not be dismissed for Plaintiff's failure to prosecute.  <u>Plaintiff is hereby cautioned that a failure to respond to this order may result in the Undersigned's recommendation that the case be dismissed with prejudice</u>." (ECF No. 18, PageID.375.)

Plaintiff timely filed his response, which is comprised of a response (twenty-two pages) and Exhibits A-N (totaling 170 pages), among which are an affidavit (ECF No. 19, PageID.399-401) and a 72-page / 524-paragraph proposed amended complaint and jury demand (ECF No. 19, PageID.403-474). Importantly, in addition to being labeled a show cause "response," Plaintiff's filing asks for three forms of relief:  (1) MOTION TO EXTEND TIME TO FILE HIS AMENDED COMPLAINT PURSUANT TO FRCP 6(b)(1)(B); (2) MOTION TO EXCUSE PLAINTIFF'S FAILURE TO FILE HIS AMENDED COMPLAINT BY JULY 23,

2020 PURSUANT TO FRCP 6(b)(1)(B); and, (3) MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND HIS BRIEF IN SUPPORT.

**C.    Discussion**

    **1.    Fed. R. Civ. P. 6(b) ("Extending Time.")**

Plaintiff seeks an extension of time within which to file his amended complaint. (ECF No. 19, PageID.379, 397.) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

Plaintiff claims he has been an e-filer since April 2020 but, for reasons unknown to him, he never received email notifications of the Court's July 16, 2020 orders (ECF Nos. 16, 17); thus, he was unaware of them. (ECF No. 19, PageID.377.) He provides an affidavit, which supports these statements. (ECF No. 19, PageID.400 ¶¶ 6, 9.) The Court concludes that Plaintiff is entitled to an extension.

    **2.    Fed. R. Civ. P. 8(a) ("Claim for Relief.")**

Plaintiff asks the Court "to take on record said proposed amended complaint (Exhibit 2) as Plaintiff's amended complaint . . . [,]" (ECF No. 19, PageID.379,

396-397), which the Court interprets as a request to recognize his proposed amended complaint (ECF No. 19, PageID.403-474) as the operative pleading in this case. "A pleading that states a claim for relief must contain: **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

Plaintiff's latest, proposed amended complaint (ECF No. 19, PageID.403-474) violates Rule 8(a)(2). By way of background, since Plaintiff filed his original, February 2020 complaint – itself forty-three pages (269 paragraphs) in length (ECF No. 1), he has submitted increasingly lengthy proposed amended complaints, namely:

- his June 2020 proposed amended complaint was forty-six pages (292 paragraphs) in length (ECF No. 12, PageID.184-229);

- his July 2020 proposed amended complaint was forty-eight pages (292 paragraphs) in length (ECF No. 14, PageID.279-326); and,

- his latest, August 2020 proposed amended complaint is seventy-two pages (524 paragraphs) in length (ECF No. 19, PageID.403-474).

In other words, the proposed amended complaints balloon each time they are submitted to the Court. More to the point, a 72-page (524 paragraph) complaint offends the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Setting aside the fact that Defendants have already filed answers to the original complaint (ECF No. 8, 9), they should not have to respond to a 72-page (524 paragraph) amended complaint in this type of case, *i.e.*, one concerning "unauthorized add-ons under the deceptive pretext that those associated costs were simply 'deposits' that would be refunded by Avis Budget Group[.]" (*See, e.g.*, ECF No. 1, PageID.6 ¶ 13.)

To be sure, the Court's first and second show cause orders challenged Plaintiff's assertion of subject matter jurisdiction based on diversity of citizenship or 28 U.S.C. § 1332 (ECF No. 1, PageID.8-9 ¶ 26). (ECF Nos. 6, 13.) However, Plaintiff should not need more than <u>two pages</u> (of no more than ten short paragraphs) – beyond the 43-page (269-paragraph) original complaint – to establish that the amount in controversy exceeds $75,000 and that the citizenship of the parties is diverse. The Court's first and second show cause orders simply ask that Plaintiff "file an amended complaint stating facts from which the Court can determine the amount in controversy and the citizenships of all parties, or show cause in writing why the case should not be dismissed for want of jurisdiction[,]" (ECF No. 6, PageID.72), and "file a second amended complaint

5

*with proper allegations supporting jurisdiction* or show cause on or before July 13, 2020, why the plaintiff's motion for relief from the judgment should not be denied[,]" (ECF No. 13, PageID.262 (emphasis added)). These orders did not ask Plaintiff to otherwise amend the complaint or to add significant amendment to the pleading; instead, federal courts only require "notice pleading," *i.e.*, "a short and plain statement of the claim . . . [,]" which provides enough information to give the defendants notice of what is being claimed against them, so that they can fairly respond. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-514 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).

**D.    Order**

Upon consideration, the third order for Plaintiff to show cause (ECF No. 18) is **DISMISSED**. Moreover, Plaintiff's request "[t]o excuse Plaintiff's failure to file his amended complaint by July 23, 2020 as ordered by this Court on July 16, 2020 (ECF # 16) . . . " is **GRANTED**, his request "[t]o avoid further delays and to conserve judicial resources to take on record said proposed amended complaint (Exhibit 2) as Plaintiff's amended complaint . . . " is **DENIED**, but his request to "alternatively grant his motion to amend and extend time to file his amended complaint by ten days or some other time this Court deems appropriate . . . " is **CONDITIONALLY GRANTED**. (ECF No. 19, PageID.379, 396-397.) Bearing in mind the requirements of Fed. R. Civ. P. 8(a)(2) – "a short and plain statement

6

of the claim showing that the pleader is entitled to relief" – and the Court's previous directives to address the requirements of 28 U.S.C. § 1332, no later than **Wednesday, May 19, 2021**, Plaintiff **SHALL** file an amended complaint that does not exceed forty-five pages (and 279 paragraphs) in length.

Finally, the parties **SHALL** appear for a video scheduling conference on **Wednesday, May 26, 2021 at 2:00 p.m**., for which the link will be forwarded under separate cover as the date approaches.

**IT IS SO ORDERED.**

Dated: May 5, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE