UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRIT BAKSHI,

          Plaintiff,               Case No. 2:20-cv-10419

                                   District Judge David M. Lawson

v.                              Magistrate Judge Anthony P. Patti

AVIS BUDGET GROUP, INC.,
GEOFF, JOHN DOE, and COSTCO
WHOLESALE CORPORATION,

          Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 25)

**I.**    **RECOMMENDATION**:  The Court should **DENY** Defendants' Rule 12(b)(1) motion to dismiss Plaintiff's amended complaint based on the amount in controversy.  (ECF No. 25.)

**II.**    **REPORT:**

    **A.**    **Background**

Judge Lawson has referred this case to me for general case management. (ECF No. 17.)  Plaintiff filed this lawsuit on his own behalf and has paid the filing fee.  In his amended complaint, which was filed on May 18, 2021, Plaintiff sues multiple Defendants – Avis Budget Group, Rental Agent Geoff, Doe 1 (Geoff's

Manager), Does 2 to 15 (Avis Group Executives or Employees), and Costco

Corporation – concerning a February 2018 vehicle rental near Los Angeles

International Airport (LAX), which is located in the State of California.  (ECF No.

22, ¶¶ 17-22, 28-88.)

In Plaintiff's words, he brings this action "for damages and injunctive relief .

. . ."  (ECF No. 22, PageID.578 ¶ 1.)  He sets forth seventeen counts, of which two

seek injunctive relief.  (*Id.*, PageID.596-620 ¶¶ 89-239 & PageID.620 ¶¶ A, D.)

### B.    Instant Motion

Plaintiff alleges, based on 28 U.S.C. § 1332, that "there is diversity of

citizenship since Plaintiff and Defendants are citizens of different states[,]" and

"[t]he amount in controversy exceeds $75,000 (exclusive of interests and costs)."

(ECF No. 22, ¶ 23.)  Currently before the Court is Defendants' June 16, 2021

motion to dismiss Plaintiff's amended complaint for "lack of subject-matter

jurisdiction[,]" Fed. R. Civ. P. 12(b)(1).  (ECF No. 25.)  Specifically, Defendants

argue that Plaintiff "is unable to satisfy the amount-in-controversy required for this

court to exercise subject matter jurisdiction under 12 [sic] U.S.C. § 1332."  (*Id.*,

PageID.703-704.)

2

Plaintiff timely filed a response (ECF No. 28), and Defendants filed a reply (ECF No. 29).  Thus, the matter is ready for decision.[1]

## C.    Standard

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories:  facial attacks and factual attacks."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  "A challenge regarding the amount in controversy is a factual attack."  *Sturkey v. Duty Free Americas, Inc.*, No. 17-10221, 2018 WL 3659561, at *2 (E.D. Mich. Aug. 2, 2018) (Steeh, J.).  The Sixth Circuit has explained that a factual attack:

> . . . is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings.

*Ritchie*, 15 F.3d at 598.

As the Supreme Court has recognized, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law

---

[1] Plaintiff filed duplicate responses (*compare* ECF No. 27, PageID.738-774; *with* ECF No. 28, PageID.775-811), although the latter response contains two additional pages (*id.*, PageID.812-813).  Therefore, this report only refers to ECF No. 28.

3

gives a different rule, the sum claimed by the plaintiff controls if the claim is

apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

U.S. 283, 288-290 (1938) (footnotes omitted).  The Court explained the standard as

follows:

> It must appear to a legal certainty that the claim is really for less
> than the jurisdictional amount to justify dismissal.  The inability
> of plaintiff to recover an amount adequate to give the court
> jurisdiction does not show his bad faith or oust the jurisdiction.
> Nor does the fact that the complaint discloses the existence of a
> valid defense to the claim.  But if, from the face of the
> pleadings, it is apparent, to a legal certainty, that the plaintiff
> cannot recover the amount claimed or if, from the proofs, the
> court is satisfied to a like certainty that the plaintiff never was
> entitled to recover that amount, and that his claim was therefore
> colorable for the purpose of conferring jurisdiction, the suit will
> be dismissed.  Events occurring subsequent to the institution of
> suit which reduce the amount recoverable below the statutory
> limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co.*, 303 U.S. at 288-290 (footnotes omitted).  *See also*

*Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (quoting *St.*

*Paul Mercury Indem. Co.*, 303 U.S. at 289).  "When subject matter jurisdiction is

challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction

in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130

(6th Cir. 1996).  "The plaintiff must establish subject matter jurisdiction by a

preponderance of the evidence." *Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856,

860 (E.D. Mich. 2014) (Rosen, J.) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936)).

### D. Discussion

#### 1.      Amount in controversy challenges to the original complaint

To provide background, this Court has previously addressed jurisdictional challenges to the original complaint.  On April 27, 2020, the Court entered an order requiring Plaintiff to either "file an amended complaint stating facts from which the Court can determine the amount in controversy and the citizenships of all parties, or show cause in writing why the case should not be dismissed for want of jurisdiction."  (ECF No. 6.)  Plaintiff responded on May 4, 2020.  (ECF No. 7.) However, on May 7, 2020, the Court dismissed the case without prejudice, because Plaintiff's response "pleaded no facts that indicate the amount in controversy[,]" and entered judgment.  (ECF Nos. 10-11.)

On June 5, 2020, Plaintiff filed a motion for relief from the Court's order and judgment and to permit the filing of an amended complaint.  (ECF No. 12.) The Court entered a second order to show cause requiring Plaintiff to either "file a second amended complaint with proper allegations supporting jurisdiction" or "show cause on or before July 13, 2020, why the plaintiff's motion for relief from the judgment should not be denied."  (ECF No. 13.)  Plaintiff timely filed a

5

Case 2:20-cv-10419-DML-APP   ECF No. 30, PageID.840   Filed 01/28/22   Page 6 of 27

response, in which he discussed "Potential Damages" and concluded he had "stated the facts in good faith to support the inference that the amount in controversy exceeds the required threshold of $75,000[.]"  (ECF No. 14, PageID.266-272) Three days later, on July 16, 2020, the Court entered an order, which noted Plaintiff's recitation of "a sufficiently detailed and specific factual basis to establish the probable amount in controversy[,]" dismissed the order to show cause, granted the motion for relief from judgment, vacated the order and judgment dismissing the case, and directed Plaintiff to file an amended complaint *on or before July 23, 2020.*  (ECF No. 16.)

On July 31, 2020, noting that Plaintiff had yet to file an amended complaint, the Court entered another order to show cause, this time providing:  "no later than **Monday, August 17, 2020**, Plaintiff **SHALL** show cause in writing why this case should not be dismissed for Plaintiff's failure to prosecute.  Plaintiff is directed to review Fed. R. Civ. P. 6(b)(1)(B) before responding.  <u>Plaintiff is hereby cautioned that a failure to respond to this order may result in the Undersigned's recommendation that the case be dismissed with prejudice.</u>"  (ECF No. 18, PageID.375 (emphases in original).)  Plaintiff timely filed a response, and, on May 6, 2021, the Court entered an order, which, in part, dismissed the third show cause order, granted in part and denied in part Plaintiff's requests for relief, and set a

deadline of May 19, 2021 by which to "file an amended complaint that does not exceed forty-five pages (and 279 paragraphs) in length."  (ECF Nos. 19, 20.)

> ### 2.    Amount in controversy allegations within the amended complaint

Plaintiff filed his 44-page, 239-paragraph amended complaint on May 18, 2021.  (ECF No. 22.)  His causes of action are based upon state laws – namely consumer protection laws from Michigan, California, New Jersey and Washington – as well as claims for unjust enrichment, conversion, fraud and intentional misrepresentation, negligent misrepresentation, breach of implied-in-fact-contract, and breach of implied covenant of good faith and fair dealing.  (ECF No. 22, ¶¶ 89-239.)  Among the attachments in support of his complaint are copies of:  (1) the reservation information, which reflects a rental price of $209.30; (2) the rental agreement information, which reflects estimated total charges of $262.65 (including a "Gas Service Option" of $43.85); and, (3) an invoice, which shows total charges of $262.65 (including a "Gas SVC Option" of $43.85).  (*Id.*, PageID.623-629 [Ex. A], 631 [Ex. B], 633 [Ex. C].)

Within his prayer for relief, Plaintiff requests reimbursement of reasonable costs, attorney fees, and interest, as well as:

- An order directing Avis to disgorge and repay in restitution the excess money procured as a result of Avis's anti-consumer protection (ACP) acts;

7

- Awarding *actual, consequential, punitive, statutory, and exemplary damages*, jointly and severally; and,

- Awarding all *damages allowed by common law, statute, and otherwise* jointly and severally.

(ECF No. 22, PageID.620-621 ¶¶ (C), (E), (F) (emphases added).)  Notably, Plaintiff seeks reimbursement for "opportunity costs," "pro se attorney fees," and "attorney fees."  (ECF No. 22, PageID.595 ¶ 85.)  Applications for costs and attorney's fees are governed by Fed. R. Civ. P. 54(d).  Of course, unless Plaintiff is an attorney, he is likely to face an uphill battle seeking reimbursement for attorney fees.  *See, e.g., Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) ("a pro se litigant is not entitled to an award of attorney fees under 42 U.S.C. § 1988.");  *Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir. 1983) ("a *pro se* litigant who is not an attorney may not recover attorney fees pursuant to the FOIA.").

### 3.     Claims based on New Jersey and Washington law (Counts III, IV and a portion of VIII)

Plaintiff contends his complaint "includes specific claims arising from" Avis's conduct and Costco's misconduct "occurring in Michigan, California, New Jersey, and Washington."  (ECF No. 22, ¶¶ 13, 15.)  Moreover, he alleges "a systematic pattern of misconduct that has occurred not just in Michigan, California, New Jersey and Washington[,]" but also "at a significant number of other Avis locations in the United States."  (*Id.*, ¶ 32.)  As for New Jersey and Washington,

8

Plaintiff cites: (1) N.J. Stat. Ann. § 56:8-13 – of the New Jersey Consumer Fraud Act (NJCFA) – and alleges that he is entitled to "at least $20,000 from each Avis Defendant." (*Id*., PageID.602-603 ¶¶ 123, 127-128.) Plaintiff also cites Wash. Rev. Code § 19.86 – of the Washington Consumer Protection Act (WCPA) – and the possibility of "up to $2,000 in penalties per violation." (*Id*., PageID.605 ¶ 139.)

However, Plaintiff's factual allegations do not appear to provide a basis for Plaintiff's claims based on New Jersey and Washington – if not also Michigan – law. To be sure, it appears that the contract in question was executed at Avis Group's Auto Rental office near Los Angeles International Airport (LAX) in California. (ECF No. 22, ¶¶ 18, 55-76; *id*., PageID.633; *see also* ECF No. 22, ¶¶ 104, 175, 180, 220, 228.) As for Michigan, Plaintiff alleges that he has resided there "for decades" and is domiciled there (*id*., ¶ 16) and that he "rented a vehicle for his use from Avis for the period from February 20, 2018 through February 28, 2018[,]" (*id*., ¶ 45). Yet, it is not clear that he made or booked the rental reservation while in Michigan. (*See id*., ¶¶ 116, 132, 203, 213; *see also* ECF No. 22, ¶¶ 93, 107, 119, 134, 165, 171 ("[a]t the time Plaintiff was booking and picking up his rental car . . . ")) / ¶ 214 ("[a]t the time Plaintiff was booking his rental car . . . ").) For the moment, Plaintiff is given the benefit of the doubt as to the viability of his claims based on Michigan statutes.

9

On the other hand, it does not appear that any of the factual allegations underlying Plaintiff's complaint occurred in New Jersey or Washington. True, Plaintiff cites the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. and/or Wash. Rev. Code § 19.86 against Defendants Avis and Costco. (ECF No. 22, PageID.600, 603, 614.) Seemingly, this is because Plaintiff alleges Avis and Costco are headquartered and/or have principal places of business in these states. (ECF No. 22, ¶¶ 13, 15, 17, 20, 116, 132.) Still, to the extent Plaintiff makes related allegations – *e.g.*, Avis's anti-consumer protection acts violated New Jersey or Washington law "when renting car[s] to consumers including Plaintiff in February 2018[,]" (*id.*, ¶¶ 138, 123), or Costco "is liable to Plaintiff for violating . . . NJDTP and WCPA[,]" (*id.*, ¶ 207) – Plaintiff has not clearly alleged that any such violations occurred in New Jersey or Washington. Put another way, Plaintiff "fails to plead facts that occurred within those states." (ECF No. 29, PageID.816.) *State Farm Mut. Auto. Ins., Co. v. Zigmond Chiropractic, P.C.*, Case No. 08-CV-10575, 2008 U.S. Dist. LEXIS 27379, *4 (E.D. Mich. Apr. 3, 2008) (Steeh, J.) ("an insurer cannot aggregate the claims of individual insureds to reach the $ 75,000.00 jurisdictional amount."). Significantly, notwithstanding Plaintiff's "reservation" of "his rights to explore a class action . . . [,]" (ECF No. 11, PageID.596 ¶ 88), this case is not currently a class action wherein "the claims of the individual class members shall be aggregated to determine whether the matter in controversy

10

exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Thus, claims based on the laws of New Jersey and Washington do not appear to be a source of recovery for Plaintiff.

### 4. Claims based on Michigan and California law (Counts I, II, XII, and a portion of VIII)

Defendants' sole argument is that this matter should be dismissed for "Plaintiff's failure to satisfy the threshold amount-in-controversy." (ECF No. 25, PageID.703-704, 718-721.) In fact, Defendants contend that Plaintiff "is *unable* to satisfy the amount-in-controversy that § 1332 requires." (*Id*., PageID.718 (emphasis added).) Furthermore, Defendants assert that the statutes Plaintiff cites "rely on state laws unrelated to his California allegations, and none expressly permit exemplary damages." (*Id*., PageID.720-721.)

Plaintiff contends that he has satisfied the amount-in-controversy requirement and, when possible, has computed and/or estimated statutory, punitive, exemplary, and actual damages. (ECF No. 28, PageID.778, 786, 787.) He further contends that Defendants have ignored his allegations "under multiple viable legal theories . . . [,]" and, thus, have "failed to demonstrate 'to a legal certainty' that the Plaintiff is unable to recover the required minimum amount . . . ." (ECF No. 28, PageID.795.)

### a. Statutory damages

Plaintiff seeks statutory damages.  (ECF No. 22, PageID.620 ¶ E.)  One example that "[a] demand is legally impossible for jurisdictional purposes" is "when it runs up against a statutory or contractual cap on damages[.]"  *Renou*, 32 F. Supp. 3d at 860 (citations omitted).  With respect to Michigan and California, Plaintiff alleges violations of the Michigan Consumer Protection Act (MCPA) (Mich. Comp. Laws §§ 445.901, *et seq*.) and California Unfair Competition Law (CUCL) (Cal. Bus. & Prof. Code §§ 17200, *et seq*.).  (ECF No. 22, PageID.579, 596, 598, 599, 612, 614.)  Citing Mich. Comp. Laws § 445.905, Plaintiff contends he "is entitled at $25,000 from each defendant included in Avis."  (ECF No. 22, PageID.598 ¶¶ 100-101.)  Citing Cal. Bus. & Prof. Code § 17200 – of the California Unfair Competition Law (CUCL), Plaintiff references the potential for "penalties of $2,000 to $2,500 . . . ."  (*Id.*, PageID.600 ¶ 112.)

Plaintiff pleads that "for persistent and knowing violation of section 3 [of the MCPA] the court may assess the defendant a civil fine of not more than $25,000.00."  Mich. Comp. Laws § 445.905(1).  (ECF No. 22, PageID.598 ¶ 100; *see also* ECF No. 28, PageID.797.)  However, it appears that the "award" under this statute is actually a penalty "paid to either the State Treasurer or Attorney General, and not to Plaintiff."  (ECF No. 29, PageID.817-818.)  *See* Mich. Comp. Laws Ann. § 445.905(4) ("the attorney general may petition for recovery of a civil

fine as provided by this section.").[2]  Nonetheless, the MCPA also provides that "a *person* who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorney fees."  Mich. Comp. Laws Ann. § 445.911(2) (emphasis added).

Plaintiff also pleads that CUCL "provides penalties of $2,000 to $2,500 for violations" of the CUCL.  (ECF No. 22, PageID.600 ¶ 112.)  Presumably, Plaintiff is referring to Cal. Bus. & Prof. Code § 17206(a) ("Any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California . . . .") and/or § 17206.1(a)(1) ("In addition to any liability for a civil penalty pursuant to Section 17206, a person who violates this chapter, and the act or acts of unfair competition are perpetrated

---

[2] New Jersey and Washington have similar schemes.  *See also Hoffman v. Barlean's Organic Oils, L.L.C.*, No. CIV.A. 14-3770 CCC, 2014 WL 4979583, at *4 (D.N.J. Oct. 6, 2014) (Cecchi, J., adopting report and recommendation of Clark, M.J.) ("it appears to the Court that the civil penalties available under N.J.S.A. 56:8–13 are available to the Attorney General alone, and not to a private litigant."); N.J. Stat. Ann. § 56:8-14.3b ("The civil penalties authorized and collected under subsection a. of this section shall be paid to the State Treasurer and credited to the Consumer Fraud Education Fund . . . ."); and Wash. Rev. Code Ann. § 19.86.140 ("With respect to violations of RCW 19.86.030 and 19.86.040, the attorney general, acting in the name of the state, may seek recovery of such penalties in a civil action.").

against one or more senior citizens or disabled persons, may be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which may be assessed and recovered in a civil action as prescribed in Section 17206.")  These statutes would not appear to offer Plaintiff relief, as the instant matter is not "a civil action brought in the name of the people of the State of California . . . ."  Cal. Bus. & Prof. Code § 17206.1(a)(1).  Nonetheless:  "A court of competent jurisdiction hearing an action pursuant to this section may make orders and judgments as necessary *to restore* to a senior citizen or disabled person money or property, real or personal that may have been acquired by means of a violation of this chapter."  Cal. Bus. & Prof. Code § 17206.1(d) (emphasis added).  Based on the face of the amended complaint, and considering Mich. Comp. Laws Ann. § 445.911(2) and Cal. Bus. & Prof. Code § 17206.1(d), it appears that Plaintiff – as a private party and if successful on his statutory claims – *may be able* to recover statutory damages under the MCPA and the CUCL.

### b.    Punitive damages

Plaintiff seeks punitive damages.  (ECF No. 22, PageID.620 ¶ E.)  Plaintiff seems to acknowledge that "'generally only compensatory damages are available in Michigan and that punitive sanctions may not be imposed.'"  *Aguirre Cruz v. Ford Motor Co.*, 435 F. Supp. 2d 701, 704 (W.D. Tenn. 2006) (quoting *McAuley v. Gen. Motors Corp.*, 457 Mich. 513, 578 N.W.2d 282, 285 (1998)).  (*See* ECF No.

14

28, PageID.798-799.) Indeed, he represents he "has not prayed for punitive damages under Michigan Laws." (*Id.*, PageID.806.)

Turning to Plaintiff's claims based on CUCL, Plaintiff's motion response points to: (i) a portion of California's Consumers Legal Remedies Act (§§ 1750, *et seq.*) – namely Cal. Civ. Code § 1780(a)(4) ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following: . . . Punitive damages."); and, (ii) *Donnelly v. S. Pac. Co.*, 18 Cal. 2d 863, 869-870, 118 P.2d 465 (1941) ("Wanton and reckless misconduct is more closely akin to willful misconduct than to negligence, and it has most of the legal consequences of willful misconduct. Thus, it justifies an award of punitive damages, and contributory negligence by the plaintiff is not a defense."). (ECF No. 28, PageID.799.) Much of Plaintiff's operative pleading, including several exhibits attached thereto, focuses on Defendant Avis Group being a knowing, "systematic," and repeat offender in tacking on undisclosed charges for rental vehicles, for which it has allegedly been investigated by attorneys general in four states and the recipient of thousands of consumer complaints. (ECF No. 22, PageID.584-587, ¶¶ 31-42.) It would appear that this is the type of behavior to which Plaintiff believes punitive damages would most appropriately apply.

15

For whatever reason, Defendants – in their motion and in their reply – only address punitive damages in connection with claims under Michigan law. (*See* ECF No. 25, PageID.713, 717, 720; ECF No. 29, PageID.815, 816, 817.) Thus, in the absence of an argument from the defense, and in the presence of Plaintiff's statutory citations within the amended complaint and estimation in response (*i.e.*, "punitive damages from Defendants pursuant to California laws alone [will] be in excess of $75,000[,]" (ECF No. 28, PageID.799)), the Court cannot say, "to a legal certainty" that Plaintiff will be unable to recover punitive damages under California law. *St. Paul Mercury Indem. Co.*, 303 U.S. at 289.

### c.  Exemplary damages

Plaintiff seeks exemplary damages. (ECF No. 22, PageID.620 ¶ E.) Defendants address exemplary damages in connection with claims under Michigan law. (ECF No. 25, PageID.713, 717.) Although Defendants acknowledge that "Michigan law provides for 'exemplary damages[,]'" *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6584657, at *2 (W.D. Mich. Jan. 25, 2016) (citations and quotations omitted), Defendants rely upon the Sixth Circuit's observation that "the MCPA lacks express language permitting exemplary damages." *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014) ("The absence of such language in the authorizing statute—or clear legislative intent—precludes an award of exemplary damages under Michigan law."). (ECF No. 25,

PageID.719-721; *see also* ECF No. 29, PageID.816-817.)  Defendants also note that Cal. Bus. & Prof. Code § 17206 ("Civil Penalty for Violation of Chapter") does not expressly provide exemplary damages as a remedy.  (ECF No. 25, PageID.720.)

In response, Plaintiff explains that he "has not prayed for exemplary damages under the [MCPA][,]" and "has not prayed for any exemplary damages whatsoever" under CUCL.  (ECF No. 28, PageID.807-808.)  However, he claims to have prayed for exemplary damages for torts as permitted by Michigan and California law, which is addressed in further detail below.  (*Id.*)

### d.    Actual (compensatory) damages

Plaintiff seeks actual damages, which are defined as "[a]n amount awarded to a complainant to compensate for a proven injury or loss[,]" or "damages that repay actual losses."  BLACK'S LAW DICTIONARY (11th ed. 2019).  (ECF No. 22, PageID.620 ¶ E.)  *See also Compensatory Damages*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Damages sufficient in amount to indemnify the injured person for the loss suffered.").

As Defendants see it, "Plaintiff . . . has not pointed to a specific amount other than the $43.85 [Gas Service Option] charge."  (ECF No. 25, PageID.720.)  In response, Plaintiff explains that his "Michigan actual damages" claim includes compensation for "injury to feelings."  (ECF No. 28, PageID.802-803.)  *See*, *e.g.*,

*Peisner v. Detroit Free Press, Inc.*, 421 Mich. 125, 127, 364 N.W.2d 600, 601 (1984) ("a jury may award exemplary and punitive damages that are not duplicative of actual damages for injury to feeling[,]").  Specifically, Plaintiff contends he is entitled to actual damages, including "damages for the *increased injury to feelings* caused by the Defendants' ill will . . . ." (*Id*., PageID.803 (emphasis added).)

In reply to such an argument, the Court expected commentary on Plaintiff's stated "injury to feelings."  Instead, Defendants focus on the "purported damages in the amount of $43.85[,]" contending that Plaintiff "now requests the Court to establish diversity jurisdiction under 12 [sic] U.S.C. § 1332 based on this $43.85 compensatory charge *alone*." (ECF No. 29, PageID.814-815 (emphasis added).) But this statement is inaccurate – at least based on Plaintiff's multi-faceted prayer for relief, which seeks various forms of damages.  (ECF No. 22, PageID.620 ¶¶ E, F.)

Moreover, Defendants assert that "the $43.85 compensatory damage that Plaintiff alleges would *make him whole*." (*Id*., PageID.815-816 (emphasis added).) Put another way, Defendants contend that "the *only* compensatory damage that Plaintiff *may* allege is the $43.85 Gas Service Option." (ECF No. 29, PageID.818 (emphases added).)  True, "[u]nder Michigan law, . . . punitive or exemplary damages cannot be awarded where actual damages are sufficient to make the

18

plaintiff whole." *Thompson v. Paasche*, 950 F.2d 306, 314 (6th Cir. 1991) (citing *Hayes Albion v. Kuberski,* 421 Mich. 170, 364 N.W.2d 609, 617 (1984)).  *See also Krieger v. Gast*, 197 F.R.D. 310, 318 (W.D. Mich. 2000) ("An important limitation on an award of exemplary damages, however, is that they will be denied when an award of compensatory damages would make the injured party whole.").  Perhaps understandably under the adversarial process, Defendants take a narrow view of Plaintiff's prayer for "actual damages."

Still, Plaintiff has alleged actual damages, and "[e]motional and psychological damages are considered 'actual damages' and . . . are compensatory in nature." *Whitehead v. Boulden*, No. 08-2466 P, 2010 WL 11596958, at *5 n.4 (W.D. Tenn. Sept. 30, 2010).  *See also Nonpecuniary Loss*, Black's Law Dictionary (11th ed. 2019) ("A loss resulting from emotional or sentimental loss.").  *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013) (when reversing the dismissal of Plaintiff's Real Estate Settlement Procedures Act claims, observing "Marais pleaded that Chase engaged in a pattern or practice of non-compliance with RESPA's mortgage-servicer provisions, entitling her to statutory damages, and her complaint also sought 'actual damages.'") (referencing 12 U.S.C. § 2605(f)(1)).  In the absence of an argument from Defendants that Plaintiff's request for actual damages – particularly under his common law tort theories –

does not include compensation for "injury to feelings," such damages provide

another source for meeting the amount in controversy requirement.

### 5.    Common law claims (Counts VI – XI, XIV – XVI)

Distinct from statutory damages are "damages provided under the common

law." *Statutory Damages*, BLACK'S LAW DICTIONARY (11th ed. 2019).  Plaintiff

makes clear that his amended complaint is based on statutory causes of action *and*

"other common law claims."  (ECF No. 22, PageID.579 ¶ 3.)  In fact, as referenced

above, only six of Plaintiff's seventeen counts are statutory in nature (Counts I –

IV, XII & XIII), and two seek injunctive relief (Counts V and XVII).  The other

nine causes of action are non-statutory in nature and include intentional tort claims

– *e.g.*, unjust enrichment, *conversion, fraud and intentional misrepresentation, and

two each for negligent misrepresentation*, breach of implied-in-fact-contract, &

breach of implied covenant of good faith and fair dealing (Counts VI – XI, XIV –

XVI).  Plaintiff's prayer for relief seeks, *inter alia*, "all damages allowed by

*common law*, statute, and otherwise . . . ."  (ECF No. 22, PageID.620 ¶ F (emphasis

added).)  As the Michigan Court of Appeal noted in *Phinney v. Perlmutter*, 222

Mich. App. 513, 564 N.W.2d 532 (1997):

> Generally in tort cases actual damages include compensation for
> mental distress and anguish.  . . . In addition, exemplary damages are
> available to the extent that a remedy for mental injury is not otherwise
> recognized.  . . . In a fraud and misrepresentation action, the tortfeasor
> is liable for injuries resulting from his wrongful act, whether

> foreseeable or not, provided that the damages are the legal and natural consequences of the wrongful act and might reasonably have been anticipated. "

*Phinney*, 222 Mich. App. at 532, 564 N.W.2d at 545-546 (internal citations omitted).  *See also Clemens v. Lesnek*, 200 Mich. App. 456, 463-464, 505 N.W.2d 283, 287 (1993) (in fraud case, test is "sufficient evidence of damages related to mental anguish to create an issue for the jury" and "not whether the award of damages shocks the court's conscience[.]").  Likewise, this Court has previously recognized that, "[a]ctual damages in Michigan, particularly when an intentional wrong is involved, as is the case here, include damages for emotional stress, embarrassment and humiliation." *Shaw v. Cassar*, 558 F. Supp. 303, 311 (E.D. Mich. 1983) (Cohn, J.) (citations to Michigan law omitted) (finding that, where Plaintiffs had proven a violation of the "anti-lockout law," *i.e.*, Mich. Comp. Laws § 600.2918, plaintiffs were "entitled to damages for the emotional stress, embarrassment and humiliation they suffered as a result of the lock-out.").

In response to the instant motion, Plaintiff describes these common law causes of action as "torts by Defendants."  (ECF No. 28, PageID.792. ) *See Tort Damages*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Monetary compensation for tangible *and intangible harm* to persons and property as the result of a tort.") (emphasis added).  He elaborates upon his "Michigan exemplary damages" and "California exemplary damages" arguments with references to, *inter alia*, tort law.

21

(ECF No. 28, PageID.800-802.)  *See*, *e.g.*, *Veselenak v. Smith*, 414 Mich. 567, 575, 327 N.W.2d 261, 264 (1982) ("the conduct we have found sufficient to justify the award of exemplary damages has occurred in the context of the intentional torts, slander, libel, deceit, seduction, and other intentional (but malicious) acts.") (external footnote omitted); Cal. Civ. Code § 3294(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages *for the sake of example* and *by way of punishing* the defendant.") (emphases added). And Plaintiff clarifies that he has not sought or prayed for exemplary damages under his Michigan or California statutory consumer protection claims; rather, he "prayed exemplary damages for torts, which are permitted under California and Michigan laws."  (ECF No. 28, PageID.807-808.)

In sum, although Defendants acknowledge Plaintiff's "equitable, tortious, and other claims . . . [,]" (ECF No. 25, PageID.716; ECF No. 29, PageID.815), they do not seem to acknowledge the potential for damages under these claims. Plaintiff's demand for "all damages allowed by common law" and his more specific demands for exemplary and punitive damages (ECF No. 22, PageID.620 ¶¶ E, F) – in conjunction with his tort claims, such as the negligent and intentional misrepresentation claims (*i.e.*, Counts VIII, IX, XIV) – are broad enough to seek

22

both compensatory (*i.e.*, actual, ordinary) damages, punitive / exemplary damages

(under California law), and exemplary damages (under Michigan law). As this

Court has previously explained:

> In Michigan, compensatory damages include both economic and non-economic loss damage caused by a defendant. Michigan cases also refer to compensatory damages as actual damages and ordinary damages. *See e.g., Veselenak v. Smith*, 414 Mich. 567 (1982). Compensatory damages "include compensation for mental distress and anguish." *Id.* at 574. Mental distress and anguish include shame, mortification, mental pain and anxiety, annoyance, discomfiture, and humiliation. *Id.* (citing *Beath v. Rapid R. Co.*, 119 Mich. 512, 517 (1899); *Grenawalt v. Nyhuis*, 335 Mich. 76, 87 (1952)).
>
> Exemplary damages are a category of damages distinct from "ordinary [compensatory] damages for mental distress," *id.*, and punitive damages. *In re Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 750 F. Supp. 793, 805 (E.D. Mich. 1989). Exemplary damages are "designed to compensate plaintiffs for humiliation, outrage and indignity resulting from a defendant's willful, wanton, or malicious conduct." *Id.* But, even if a defendant's conduct is willful, wanton, or malicious, courts do not award exemplary damages for injuries to feelings that are "duplicative of the award of ordinary [compensatory] damages for mental distress and anguish." *Veselenak*, 414 Mich. at 572.

*Bou-Assaly v. George P. Mann & Assocs., P.C.*, No. 17-10007, 2017 WL 2734275,

at *3 (E.D. Mich. June 26, 2017) (Steeh, J.) (denying the Mann defendants' motion

to dismiss for failure to plead "an amount in controversy that exceeds $75,000.").

On the face of the pleadings, Plaintiff seeks multiple kinds of tort-related damages

and alleges an amount in controversy exceeding $75,000. (ECF No. 22,

PageID.583, ¶ 23; *id.*, PageID.620 ¶¶ E, F.) Even if, ultimately, the Court fully or

partly precludes one type as duplicative of the other, at this point, the Court cannot say "to a legal certainty" that Plaintiff will be unable to recover damages in excess of $75,000 related to his common law claims under Michigan and/or California law. *St. Paul Mercury Indem. Co.*, 303 U.S. at 289.

Finally, it is premature in this particular case, at this pleading stage and without discovery and evidentiary proofs, to find Plaintiff's emotional distress or "soft damages" to be excessive or unforeseeable. While "the reasonable person rule excludes compensation for emotional harm when a reasonable person would suffer no serious emotional harm at all[,]" a defendant may be "liable for damages to an especially sensitive person, even if those damages are much greater because of the special sensitivity." Dobbs, *The Law of Torts*, § 397 ("Sensitive plaintiffs") (2d ed. June 2021 Update). The question of whether this is an "eggshell-skull" plaintiff, in which the defendant is held "liable for the full extent of the plaintiff's injuries even though the harm to another plaintiff would have been minor[,]" BLACK'S LAW DICTIONARY (11th ed. 2019), is for another day. If it later turns out that Plaintiff is unable "to recover an amount adequate to give the court jurisdiction[,]" this will not subsequently "show his bad faith or oust the jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289. *See* 15 *Moore's Federal Practice*, § 102.104[2] (Matthew Bender 3d Ed.) ("determination is not generally defeated by subsequent events").

**D.      Conclusion**

In seeking dismissal, Defendants contend that, "[b]ecause this is . . .

Plaintiff's third attempt to show the Court . . . why he does not lack jurisdiction,"

his Amended Complaint "should be dismissed *with prejudice*." (ECF No. 25,

PageID.721 (emphasis added).)  The Court should decline this invitation, in part

because the Court acknowledged in July 2020 that Plaintiff had provided "a

sufficiently detailed and specific factual basis to establish the probable amount in

controversy." (ECF No. 16.)  More importantly, as set forth above, Defendants'

sole basis for dismissal is that Plaintiff has "failed to satisfy the amount-in-

controversy requirement." (ECF No. 25, PageID.707).  Notwithstanding

Defendants' position that reimbursement of "the $43.85 compensatory damage"

would make Plaintiff "whole," (*id*., PageID.815-816 (emphasis added)), the Court

cannot say, "to a legal certainty[,]" that Plaintiff's prayer for relief is limited to

$43.85 or to the statutory claim maximums and that, therefore, "the claim is really

for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury

Indem. Co.*, 303 U.S. at 289.  Accordingly, the Court should **DENY** Defendants'

motion (ECF No. 25) to dismiss Plaintiff's amended complaint (ECF No. 22).

**III.   PROCEDURE ON OBJECTIONS**

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must precisely recite the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  January 28, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE