UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRIT BAKSHI,

Plaintiff,

v.

AVIS BUDGET GROUP, INC., GEOFF, JOHN DOE, and COSTCO WHOLESALE CORPORATION,

Defendants.
_______________________________________/

Case Number 20-10419
Honorable David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S AND DEFENDANTS' OBJECTIONS, DENYING MOTION TO DISMISS, AND CONTINUING REFERRAL TO MAGISTRATE JUDGE**

Plaintiff Kirit Bakshi appears to be making a mountain out of a molehill. He filed a complaint *pro se* alleging that the defendants overcharged him for a rental car by including add-on charges that he specifically declined, to the tune of $43.85. He bases jurisdiction on diversity of citizenship, which means that he must show that the amount in controversy exceeds $75,000. The defendants believe that Bakshi has not done and cannot do so, and they have moved to dismiss the amended complaint for want of subject matter jurisdiction. Magistrate Judge Anthony Patti, to whom the case was referred to conduct all pretrial proceedings, issued a report recommending that the Court deny the motion, reasoning that because Bakshi pleaded claims that entitled him to certain non-economic damages, he could not conclude "to a legal certainty" that the amount-in-controversy requirement was unsatisfied. The defendants and the plaintiff filed objections to the report and recommendation, and the motion is before the Court for fresh review. The Court agrees with the magistrate judge that there remains a remote possibility that the amount in controversy exceeds the jurisdictional threshold stated by 28 U.S.C. § 1332(a). The Court will overrule the objections and deny the motion to dismiss.

I.

According to the amended complaint, Bakshi rented a vehicle from an Avis facility near the Los Angeles International Airport from February 20 to February 28, 2018. He reserved the vehicle through the CostcoTravel.com booking website; to the best of his recollection, he made the reservation while in Michigan. He declined all available add-ons on the website and reserved the vehicle for a quoted price of $209.30. He also declined all add-ons the rental agent, "Geoff," tried to sell him at the rental counter. Nevertheless, Bakshi alleges, "Geoff" quoted him a higher total cost for the rental, $262.65, than the price of his confirmed online reservation. The agent allegedly told the plaintiff that the excess price was a deposit. When the plaintiff returned the vehicle, however, he learned the price difference was due to a $43.85 Gas Service Option charge, even though the plaintiff had expressly declined that option when he contracted to rent the vehicle. An Avis employee told Bakshi that he would have to go to the rental office to obtain a refund for the "deposit," but he did not have time to do so before his flight. Bakshi says that he assumed the "deposit" would be refunded later in the normal course of business, but it was not. He alleges that Avis fabricated the rental documents stating that he agreed to the Gas Service Option.

Bakshi avers that Avis engages in an organized, nationwide scheme to defraud customers by charging them for unauthorized add-ons. He alleges that Avis encourages its employees to trick customers into authorizing undisclosed charges, and that Costco is financially rewarded by Avis's fraudulent practices. He asserts that Costco and Avis avail themselves of the laws of New Jersey and Washington State while knowingly profiting from fraudulent up-charges.

Bakshi filed his initial complaint in this case on February 18, 2020, pleading claims against Avis Budget Group, Avis Rental Agent Geoff, Avis employees Does 1-10, Costco Wholesale Corporation, and Costco employees Does 11-15. The complaint was based on his own alleged

claims; he made no class claims. On April 27, 2020, the Court ordered the plaintiff to show cause why his claims should not be dismissed for lack of jurisdiction. The plaintiff responded that he satisfied the amount-in-controversy requirement by alleging violations of laws in multiple states by multiple defendants. The Court disagreed and dismissed the case.

On June 5, 2020, Bakshi moved for relief from judgment and for leave to file an amended complaint. The Court issued a second order requiring the plaintiff to file a second amended complaint that supported his conclusory allegations about the amount in controversy. The plaintiff filed a timely response discussing potential damages. Finding that the plaintiff's recitation provided "a sufficiently detailed and specific factual basis to establish the amount in controversy," the Court dismissed the show cause order, granted the plaintiff's motion for relief fromjudgment, vacated the order dismissing the case, and directed the plaintiff to file an amended complaint. The plaintiff did not do so, leading the Court to issue a third show cause order for why the case should not be dismissed for the plaintiff's failure to prosecute. The plaintiff ultimately filed an amended complaint on May 18, 2021. The case then was referred to the magistrate judge to conduct pretrial proceedings.

The plaintiff's amended complaint pleads 17 claims for relief under Michigan, California, New Jersey, and Washington statutes as well as claims for unjust enrichment, conversion, fraud and intentional misrepresentation, negligent misrepresentation, breach of implied-in-fact contract, and breach of the implied covenant of good faith and fair dealing. The plaintiff requests reimbursement of reasonable costs, attorney's fees, and interests; injunctive relief against Avis and Costco; actual, consequential, statutory, and exemplary damages; and all other allowable damages. On June 16, 2021, the defendants moved to dismiss the amended complaint.

Judge Patti recommended that the Court deny the defendants' motion to dismiss. He acknowledged that the plaintiff is unlikely to receive attorney's fees. He also acknowledged that the plaintiff's factual allegations do not appear to provide a basis for recovery under New Jersey or Washington law, or perhaps even under Michigan law, as it is not clear whether the plaintiff made the car reservation in Michigan. Nevertheless, he gave the plaintiff the benefit of the doubt as to the viability of his Michigan statutory and tort claims, and to the computation of his damages claims. Judge Patti found, therefore, that the plaintiff may be able to recover statutory and actual damages under Michigan and California's consumer protection statutes, including compensation for injury to feelings; punitive damages under the California statute; and actual and exemplary damages to compensate him for intentional torts under Michigan and California law. He concluded that the plaintiff's demand is broad enough to include compensatory damages, punitive or exemplary damages under California law, and exemplary damages under Michigan law, so the Court cannot say to a legal certainty that together these damages might not exceed $75,000. He also found it premature to determine whether Bakshi is an "eggshell plaintiff" and whether his claim for emotional damages is excessive.

Both sides filed objections to the report and recommendation. Bakshi's were late, but the Court allowed them, together with Bakshi's response to the defendants' objections.

II.

When a party files timely objections to a report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the Court to re-examine all of the relevant evidence previously reviewed by the

magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the Court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A.

"The jurisdiction of federal courts is defined by Article III of the United States Constitution and by acts of Congress." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 798 (6th Cir. 2012). Diversity jurisdiction is prescribed by Section 1332 of Title 28, which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). To satisfy the amount in controversy requirement, a plaintiff must allege facts supporting a good faith argument that the amount in dispute exceeds the $75,000 threshold. *See Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

A motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be brought as a facial attack — that is, a challenge to the sufficiency of the complaint — or a

factual attack — taking in evidence beyond the pleadings. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). It does not appear that the defendants presented or that the magistrate judge considered evidence outside the pleadings, so the plaintiff's task was to plead sufficiently his jurisdictional facts in good faith. *Gafford*, 997 F.2d at 156 (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

The amount in controversy is assessed as of the time the complaint is filed. *Rosen v. Chrysler Corp.,* 205 F.3d 918, 920-21 (6th Cir. 2000). Generally, the amount claimed by the plaintiff in his or her complaint determines whether the jurisdictional amount is satisfied. *Ibid.* If challenged by the defendant, the complaint will only be dismissed if "it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Massachusetts Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir. 1996). The Supreme Court set forth this test over eighty years ago in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938):

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.* at 288-89 (footnotes omitted).

A plaintiff cannot satisfy the "legal certainty" test when, for example, his damages are limited by "a statutory or contractual cap," "or when the theories of damages employ double

counting," *Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856, 860 (E.D. Mich. 2014) (citing *Pratt Central Park Limited Partnership v. Dames & Moore, Inc*., 60 F.3d 350 (7th Cir. 1995), or when "the original claim was really for less than the amount-in-controversy requirement," *Gafford*, 997 F.2d at 156. And federal courts must be mindful of "state law to determine the nature and extent of the right to be enforced in a diversity case." *Horton*, 367 U.S. at 352-53 (1961).

B.

1.

The plaintiff objects to the magistrate's conclusion that he cannot recover under Washington or New Jersey state law. He argues that he has a viable claim that Costco violated the Washington Consumer Protection Act because Costco is headquartered in Washington State, and a viable claim that Avis violated the New Jersey Deceptive Trade Practice Act because Avis is headquartered in New Jersey. He is incorrect.

Because this is a diversity action, the Court must follow the substantive law of the forum state in which it sits, *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), including the forum state's choice-of-law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941); *Mill's Pride, Inc. v. Cont'l Ins. Co*., 300 F.3d 701, 704 (6th Cir. 2002). Under Michigan's choice-of-law rules concerning tort claims, there is a presumption that Michigan law applies unless there is a rational reason to displace it. *Sutherland v. Kennington Truck Serv., Ltd*., 454 Mich. 274, 286, 562 N.W.2d 466, 471 (1997). Courts sitting in Michigan "use another state's law [only] where the other state has a significant interest and Michigan has only a minimal interest in the matter." *Hall v. General Motors Corp*., 229 Mich. App. 580, 585, 582 N.W.2d 866, 868 (1998).

There is no suggestion that either New Jersey or Washington has a significant interest in this matter. The plaintiff is not a resident of either state. *See id.* at 587, 582 N.W.2d at 868

(weighing the citizenship of the plaintiff as one factor in deciding which state law applies). Although the plaintiff alleges that Avis violated the New Jersey Deceptive Trade Practices Act and Costco violated the Washington Consumer Protection Act, he does not allege that any such violations occurred in New Jersey or Washington. To the contrary, all of the events described in his amended complaint took place in California, where the plaintiff picked up and returned the rental car, or in Michigan, where he may have made the online reservation for the vehicle. *See id.* at 587, 582 N.W.2d at 869 (weighing the locale of the injury). The plaintiff's objections to the report will be overruled.

2.

In his response to the defendants' objections, the plaintiff appears to concede that he cannot recover civil fines under the Michigan Consumer Protection Act. Nevertheless, he maintains that he can still recover similar damages under Michigan tort law and punitive and actual damages exceeding $75,000 under California law. He explains that he did not estimate his tort damages with greater specificity because they will be decided by the trier of fact, but he is confident that he is entitled to damages in excess of $75,000 due to the systematic nature of Avis's fraud. He also disputes the existence of an express contract between himself and Avis, arguing that his car rental did not conform to the terms of the reservation he made with Costco and thus any contract he entered was null and void. The plaintiff contends that he has satisfied the jurisdictional minimum without double counting his claims.

a. Michigan Consumer Protection Act Claims

The plaintiff contends that he attempted to plead that he booked his rental car while in Michigan. Judge Patti gave the plaintiff the benefit of the doubt on this point, and the defendants

do not object to applying Michigan law to evaluate whether the plaintiff satisfied the amount-in-controversy requirement.

Even assuming Michigan law applies, however, the plaintiff may recover no more than $250 as statutory damages under the MCPA. The plaintiff does not seek exemplary or punitive damages under the statute, acknowledging that they are not available. And although his actual damages may include compensation for injury to feelings, *Peisner v. Detroit Free Press, Inc.*, 421 Mich. 125, 127, 364 N.W.2d 600, 601 (1984), $250 is the statutory maximum statutory damages that an individual may recover under the MCPA, Mich. Comp. Laws § 445.911(2). Only the attorney general of the State of Michigan may petition for larger MCPA awards. Mich. Comp. Laws § 445.905(1).

b. California Unfair Competition Law Claims

The plaintiff's potential recovery under the California Unfair Competition Law (CUCL) similarly is limited. That law prohibits "any unlawful, unfair or fraudulent business act or practice." *Clark v. Superior Ct.*, 50 Cal. 4th 605, 610, 235 P.3d 171, 174 (2010) (quoting Cal. Bus. & Prof. Code §17200). Although "actions under this law may be brought by either private plaintiffs or public prosecutors," *ibid.* (citing § 17204), "[i]n a private unfair competition law action, the remedies are 'generally limited to injunctive relief and restitution,'" *ibid.* (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950, 45 P.3d 243, 249 (2002)); *see also* Cal. Bus. & Prof. Code § 17203. "Restitution is not a punitive remedy," but rather "means the return of money or other property obtained through an improper means to the person from whom the property was taken." *Id.* at 614, 235 P.3d at 176 (citing *Kasky*, 27 Cal. 4th at 950, 45 P.3d at 249; *Kraus v. Trinity Management Services*, Inc., 23 Cal. 4th 116, 126-27, 999 P.2d 718, 725 (2000)).

The plaintiff seeks $2,500 per violation. However, it is a legal certainty that the CUCL does not permit the plaintiff such recovery. Only public prosecutors can recover civil penalties under the CUCL, through civil actions "brought in the name of the people of the State of California." Cal. Bus. & Prof. Code § 17206(a). That is the case even in matters brought to "restore to a senior citizen or disabled person money or property, real or personal that may have been acquired by means of a violation" of the statute. Cal. Bus. & Prof. Code § 17206.1(d); *Clark*, 50 Cal. 4th at 612, 235 P.3d at 175 (holding that only "public prosecutors" may "recover additional civil penalties when the acts of unfair competition were perpetrated against senior citizens or against disabled persons").

In contrast, recovery for individual plaintiffs suing under the CUCL is limited to restitution. *Clark*, 50 Cal. 4th at 610, 235 P.3d at 174. "[R]estitution in a private action brought under the unfair competition law is measured by what was taken from the plaintiff." *Id.* at 614-15, 235 P.3d at 176. Therefore, the plaintiff may only recover under the CUCL "profits unfairly obtained" by the defendants in the form of "monies given to the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148, 63 P.3d 937, 947 (2003). The profit the defendants unfairly obtained from the plaintiff in this case is the $43.85 the plaintiff paid to the defendants for the declined Gas Service Option. The plaintiff therefore is entitled to recover no more than $43.85 from the defendants under the CUCL.

This objection will be overruled.

C.

The defendants filed six objections to the magistrate judge's report and recommendation. *First*, they object to permitting the plaintiff to broadly plead damages of more than $75,000, arguing that the Sixth Circuit has required plaintiffs to prove damages in tort with reasonable

certainty based on reasonable computation. *Second*, they object to the magistrate's suggestion that the plaintiff may recover damages for emotional injury under Michigan and California's consumer protection statutes, arguing that Michigan's statutory damages cap is $250, and California law permits only restitution of the $43.85 Gas Service Option charge. *Third,* they argue that any damages to compensate the plaintiff for injury to feelings can never reach $75,000 because they must be proportionate to the injury caused by the wrongful gas service charge. *Fourth*, they object to the finding that the plaintiff may recover punitive damages under the California consumer protection statute, arguing that California law requires plaintiffs to provide evidence of punitive damages to prove that the amount-in-controversy requirement has been met. *Fifth*, they contend that the plaintiff's tort claims are foreclosed under both Michigan and California law because the defendants' allegedly tortious conduct arises from an undisputedly express contract. *Sixth,* they argue that the Court cannot double count the plaintiff's exemplary, punitive, and actual damages — or his claims under both Michigan and California law — to satisfy the jurisdictional minimum.

The most efficient way to address these objections is to examine the plaintiff's pleaded causes of action and the damages claimed. The statutory claims under the laws of Michigan, California, New Jersey, and Washington are discussed above. What remains are the common law and injunctive relief claims.

1. Unjust Enrichment and Implied-in-Fact Contract

Under Michigan law, a plaintiff cannot recover under theories of unjust enrichment or breach of implied-in-fact contract where the parties were bound by an express contract. *Llewellyn-Jones v. Metro Prop. Group, LLC*, 22 F. Supp. 3d 760, 793-94 (E.D. Mich. 2014) (citing *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194-95, 729 N.W.2d 898, 904 (2006)). The same is true under California law, where "[a]n action based on an implied-in-fact or quasi-contract

cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231, 166 Cal. Rptr. 3d 864, 872 (2014) (quoting *Lance Camper Manufacturing Corp. v. Republic Indemnity Co.*, 44 Cal. App. 4th 194, 203, 51 Cal. Rptr. 2d 622 (1996)). Moreover, in California "[u]njust enrichment is not a cause of action . . . but rather a general principle . . . synonymous with restitution," *ibid.* (internal citations omitted), that "does not lie where the parties have an enforceable express contract," *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370, 108 Cal. Rptr. 3d 682, 699 (2010) (citing *California Medical Assn. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172, 114 Cal. Rptr. 2d 109 (2001)). A party to an express contract therefore can "assert a claim for restitution based on unjust enrichment [only] by 'alleg[ing in that cause of action] that the express contract is void or was rescinded.'" *Rutherford Holdings*, 223 Cal. App. 4th at 231, 166 Cal. Rptr. at 872-73 (citing *Lance Camper*, 44 Cal. App. 4th at 203).

Bakshi and Avis indisputably were bound by an express rental contract in this case. Bakshi argues that their contract is void due to Avis's nonperformance. But nonperformance is grounds for breach, not for voiding a contract. *Woody v. Tamer*, 158 Mich. App. 764, 773, 405 N.W.2d 213, 217 (1987). Even if the Court were to find that the contract is voidable because Avis fraudulently induced the plaintiff to enter it — as the plaintiff also alleges — that would not significantly help the plaintiff. The remedy for unjust enrichment is restitution; compensatory damages are not available under either Michigan or California law. *Wright v. Genesee Cty.*, 504 Mich. 410, 418, 934 N.W.2d 805, 809 (2019); *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51, 924 P.2d 996, 1003 (1996); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Therefore, Bakshi would be entitled to recover little more than $43.85 for his unjust enrichment and breach of an implied-in-fact contract claims.

2. Breach of the Implied Covenant of Good Faith and Fair Dealing

The plaintiff cannot recover any damages for breach of the implied covenant of good faith and fair dealing. Neither Michigan nor California recognizes breach of the implied covenant as providing an independent cause of action. *Rodgers v. JPMorgan Chase Bank NA*, 315 Mich. App. 301, 311, 890 N.W.2d 381, 386 (2016) (quoting *Fodale v. Waste Mgt. of Mich., Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827 (2006)); *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349, 8 P.3d 1089, 1110 (2000).

3. Conversion

The plaintiff may be able to recover damages under a conversion theory, but any damages recovered will be modest. Under both Michigan and California law, "[t]he general rule for the measure of damages for conversion is the value of the converted property at the time of the conversion," plus interest. *Ehman v. Libralter Plastics, Inc.*, 207 Mich. App. 43, 45, 523 N.W.2d 639, 639 (1994) (citing *Baxter v. Woodward*, 191 Mich. 379, 383, 158 N.W. 137, 139 (1916)); *Lueter v. State of California*, 94 Cal. App. 4th 1285, 1302, 115 Cal. Rptr. 2d 68, 81 (2002) ("As a general rule, the value of the converted property is the appropriate measure of damages, and resort to the alternative occurs only where a determination of damages on the basis of value would be manifestly unjust."); Cal. Civ. Code § 3336. Therefore, the plaintiff likely can recover no more than $43.85, plus interest, for this claim.

4. Negligent Misrepresentation

The plaintiff's potential recovery under a negligent misrepresentation theory likewise is constrained by the scope of his monetary loss. In Michigan, "an injured person is not entitled to recover the loss of his bargain for a mere negligent misrepresentation;" rather, "the proper measure of damages is the amount necessary to compensate the injured person for the pecuniary loss (i.e.

out-of-pocket loss) suffered in reliance upon the misrepresentation." *L. Offs. of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich. App. 14, 44, 436 N.W.2d 70, 86 (1989). Moreover, "[n]egligence is not sufficient to justify an award of exemplary damages" under Michigan law. *Id.* at 45, 436 N.W.2d at 86 (citing *Veselenak*, 414 Mich. 567, 575, 327 N.W.2d 261, 264 (1982)).

California likewise limits the damages recoverable for a negligent misrepresentation claim. Punitive damages are not recoverable, *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1241, 900 P.2d 601, 610 (1995) (citations omitted), nor are emotional distress damages outside of extreme or outrageous circumstances, *Friedman v. Merck & Co*., 107 Cal. App. 4th 454, 484-87, 131 Cal. Rptr. 2d 885, 907-09 (2003) (collecting cases). In general, under California law, "a plaintiff 'incurring neither physical impact nor physical damage, and whose loss (other than emotional distress) is solely economic, is entitled neither to punitive damages nor to a recovery for emotional distress,'" including for a negligent misrepresentation claim. *Ibid.* (quoting *Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th 1377, 1397, 82 Cal. Rptr. 2d 304, 317 (1999)). The plaintiff has not alleged that he suffered physical harm due to any misrepresentations negligently made by the defendants, or pleaded any other facts excepting him from the rule against receipt of emotional distress damages for negligent misrepresentation. Thus, he also cannot recover more than $43.85 for this claim.

5. Fraud and Intentional Misrepresentation

That leaves the plaintiff's claim for fraud and intentional misrepresentation. In a fraud and misrepresentation action brought under Michigan law, "the tortfeasor is liable for injuries resulting from his wrongful act, whether foreseeable or not, provided that the damages are the legal and natural consequences of the wrongful act and might reasonably have been anticipated." *Phinney v. Perlmutter*, 222 Mich. App. 513, 532, 564 N.W.2d 532, 545-46 (1997) (citing *Price v. Long*

*Realty, Inc*., 199 Mich. App. 461, 472, 502 N.W.2d 337, 342 (1993). That includes damages for mental distress for the breach of a commercial contract if "such damages were contemplated by the parties at the time that the contract was made" or "there is allegation and proof of tortious conduct independent of the breach of contract." *Id*. at 530-31, 564 N.W.2d at 545 (citing *Kewin v. Massachusetts Mutual Life Ins. Co*., 409 Mich. 401, 419, 295 N.W.2d 50 (1980); *Phillips v. Butterball Farms Co., Inc*., 448 Mich. 239, 251, 531 N.W.2d 144, 149 (1995)).

Exemplary damages also are recoverable to "compensate for the incremental injury to feelings attributable to the sense of indignation and outrage experienced by the plaintiff due to the defendant's bad faith or ill will." *Peisner v. Detroit Free Press, Inc*., 421 Mich. 125, 134, 364 N.W.2d 600, 605 (1984); *see also Veselenak*, 414 Mich. at 572-75, 327 N.W.2d at 264-65 (holding that courts will not award exemplary damages for injury to feelings that are "duplicative of the award of ordinary [compensatory] damages for mental distress and anguish.").

Here, Bakshi alleges intentional tortious conduct independent of any breach of his contract with Avis. He alleges that Avis made misrepresentations in order to fraudulently sell him add-on options as part of an "organized, company-wide" scheme to increase its revenue. Am. Compl., ¶¶ 5-11, 166-67, ECF No. 22, PageID.579-81, 609. Construing the plaintiff's amended complaint generously, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it pleads facts that support an award of actual damages for mental distress and anguish to remedy the "anxiety" and "annoyance" the plaintiff suffered as a direct result of the defendant's alleged fraud and misrepresentation, *Veselnak*, 414 Mich. at 574; 327 N.W.2d at 264. The plaintiff alleges, for example, that he had no recourse to remedy the defendants' fraud save investing significant time and energy into the instant lawsuit. Am. Compl., ¶¶ 78-79, 85, ECF No. 22, PageID. 594-95. Looking beyond the pleadings, the plaintiff clearly states that he "was profoundly outraged, hurt, annoyed and aggravated" by the

defendants' "intentional, willful, and malicious misconduct." Resp. to MTD, ECF No. 28, PageID.801. The plaintiff also pleaded facts that could support an award of exemplary damages, alleging that Avis willfully "trick[s]" customers into accepting fraudulent contracts in disregard of their rights. Am. Compl., ¶¶ 31-35, 43, ECF No. 22, PageID.585-87; Resp. to MTD, ECF No. 28, PageID.800. At this stage of the proceedings, the Court cannot say with legal certainty that exemplary damages are unavailable to the plaintiff if he prevails on his fraud and intentional misrepresentation claim.

California law is analogous. California courts permit recovery of exemplary or punitive damages for tort actions for fraud, "even though the tort incidentally involves a breach of contract." *Schroeder v. Auto Driveaway Co.*, 11 Cal. 3d 908, 921, 523 P.2d 662, 671 (1974) (citing *Chelini v. Nieri*, 32 Cal. 2d 480, 486-48, 196 P.2d 915 (1948); *Wetherbee v. United Insurance Co. of America*, 265 Cal. App. 2d 921, 928-929, 71 Cal. Rptr. 764 (1968)). Such damages "are available 'where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice.'" *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1104 (9th Cir. 1992) (quoting Cal. Civ. Code § 3294(a)), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *see also Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (citing cases holding that the amount in controversy includes punitive damages recoverable as a matter of law). Malice "may be established by a showing that [the] defendant's wrongful conduct was willful, intentional, and done in reckless disregard of its possible results." *Schroeder*, 11 Cal. at 922 (quoting *Toole v. Richardson-Merrell Inc.*, 251 Cal. App. 2d 689, 713, 60 Cal. Rptr. 398 (1967)). Considering the same facts as above, the Court likewise cannot say with legal certainty that exemplary or punitive damages are unavailable to the plaintiff under California law.

The defendants argue that $75,000 clearly would be an excessive award for any of the plaintiff's tort claims. Perhaps. *See Schroeder*, 11 Cal. 3d at 922 ("[T]he principle that an award of punitive damages must bear a reasonable relationship to actual damage finds application only in cases in which the award of punitive damages far exceeds any actual injury."). However, even if that were so, the defendants ignore the plaintiff's claims for injunctive relief enjoining Avis and Costco from preemptively charging add-ons in the future. "In actions seeking . . . injunctive relief, it is well established that the amount-in-controversy is measured by the value of the object of the litigation," *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Therefore, "the 'costs of complying with an injunction . . . may establish the amount-in-controversy.'" *Ibid.* (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)). An injunction in the present case would require Avis and Costco to change their sales and contracting practices for rental cars. The costs of doing so more likely than not would be substantial; the Court cannot say with legal certainty that they would be less than $75,000. *See ibid.* (finding that an injunction requiring the abatement of 25 properties likely would exceed $75,000); *cf. Jarrett-Cooper v. United Airlines, Inc.*, 586 F. App'x 214, 216 (6th Cir. 2014) (finding that the cost of injunctive relief would not exceed $75,000 because the defendant airline could provide such relief without adopting systemic reforms). More importantly, it is not a legal certainty that the sum of these costs, combined with actual and exemplary damages for fraud, and any damages available for the plaintiff's other claims, will not exceed the jurisdictional amount.

The defendants are correct that the plaintiff cannot aggregate his damages by alleging multiple theories of liability for the same injury; the plaintiff "is entitled to receive full satisfaction for his injury only once." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 487 (6th Cir. 1973);

*see also Allstate*, 32 F. Supp. 3d at 860. But as discussed above, the plaintiff could exceed the jurisdictional threshold on the strength of "separate and distinct" claims under Michigan (or California) law alone. *See Everett*, 460 F.3d at 823.

The defendants' objections to report and recommendation should be overruled.

III.

The magistrate judge correctly applied the governing law to the accurately determined facts of the case as presented in the pleadings. The plaintiff has pleaded facts that conceivably could satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a) under some of his theories of recovery. The parties' objections lack merit. However, it would be good for the plaintiff to remember that when he signs the papers that he files in this Court, he is certifying that "the factual contentions have evidentiary support or . . . will likely have evidentiary support." Fed. R. Civ. P. 11(b)(3). The consequences for violating that rule could be expensive. And one might raise an eyebrow, for example, over an allegation that a $43.85 overcharge for a rental car could generate damages that exceed $75,000. For now, though, the Court determines that it has subject matter jurisdiction over the dispute.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 30) is **ADOPTED**.

It is further **ORDERED** that the parties' objections (ECF No. 31, 33, 35, 36) are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss (ECF No. 25) is **DENIED**.

It is further **ORDERED** that the case is returned to the magistrate judge under the original order of reference (ECF No. 17).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 8, 2022